STATE OF NORTH CAROLINA v. DENNIS RAY LOWERY

No. 7313SC395

(Filed 13 June 1973)

1. Criminal Law § 91— motion for continuance — no supporting affidavits — denial proper

Trial court did not abuse its discretion in denying defendant's motion for a continuance where defendant sought the continuance in order to obtain the presence of a witness but did not support his motion with affidavits setting forth the reasons for the motion or indicating what he had done to secure the presence of the witness.

2. Automobiles § 3; Criminal Law § 75— driving after revocation of license — voluntary statements of defendant to police officer — admissibility

Trial court in a prosecution charging defendant with driving after revocation of his license did not err in allowing an officer to testify as to voluntary statements made to him by defendant at the time the officer issued defendant a citation.

APPEAL by defendant from *Clark, Judge,* 15 January 1973 Session of Superior Court held in BRUNSWICK County.

Defendant, Dennis Ray Lowery, was charged in a warrant, proper in form, with driving a motor vehicle on a public high-

way while his operator's license was revoked. The defendant pleaded not guilty.

On 24 November 1971 at about 1:45 p.m., Highway Patrolman Canipe saw defendant driving an automobile northeast on Rural Paved Road 1143. Having served a revocation notice on defendant, effective 1 August 1971, the officer knew that defendant's driving privileges had been revoked. When defendant drove the automobile into Burris Inman's yard, the officer, who was not on duty, stopped and told the defendant that he would see him on Friday when he returned to work. On Saturday, 27 November 1971, the officer went to defendant's residence and issued him a citation for driving an automobile while his operator's license was revoked.

Defendant denied that he was driving the automobile.

Defendant was found guilty as charged and from a judgment imposing a prison sentence of six months to one year, he appealed.

*Attorney General Robert Morgan and Assistant Attorney General Russell G. Walker, Jr., for the State.*

*Frink, Foy and Gainey by Henry G. Foy for defendant appellant.*

HEDRICK, Judge.

Defendant assigns as error the denial of his motion for a continuance.

[1] Ostensibly, defendant sought a continuance in order to obtain the presence of Billy Inman as a witness; however, the motion to continue was not supported by affidavits setting forth the reasons for the motion or detailing what steps had been taken to secure his presence as a witness. Indeed, in response to questioning by the solicitor, defendant stated:

> "I did not tell Billy Inman that I was going to be tried this week and I have not subpoenaed him. I thought he would come on his own."

A motion for a continuance is addressed to the sound discretion of the trial judge and his ruling thereon will not be disturbed on appeal absent a showing of such abuse of discretion as would deprive a defendant of a fair trial. *State v. Holloway*

and *State v. Jones*, 16 N.C. App. 266, 192 S.E. 2d 75 (1972). Defendant has failed to show an abuse of discretion by the trial judge in the denial of his motion for a continuance.

[2]  Defendant contends the trial court erred in allowing Officer Canipe to testify, over defense objection, "as to the contents of a conversation had with the defendant at the time of his arrest without any evidence that the defendant was warned of his Constitutional Rights. . . ."

Suffice it to say, the challenged testimony concerned voluntary statements allegedly made by defendant when the officer issued him a citation and did not result from custodial *interrogation*. Therefore, it was not incumbent upon the officer to administer the "Miranda warnings," *State v. Hayes*, 273 N.C. 712, 161 S.E. 2d 185 (1968) ; *State v. Tessenar*, 15 N.C. App. 424, 190 S.E. 2d 313 (1972) ; and the court did not err in admitting this testimony into evidence.

Defendant had a fair trial free from prejudicial error.

No error.

Judges CAMPBELL and VAUGHN concur.